Jason R.N. Monteleone
JOHNSON & MONTELEONE, L.L.P.
350 N. 9th Street, ste. 500
Boise, Idaho 83702
Telephone: (208) 331-2100
Facsimile: (208) 947-2424
*jason@treasurevalleylawyers.com*
Idaho State Bar No. 5441

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Ace Chavez,<br><br>     Plaintiff<br><br>v.<br><br>United States of America, Community Health Clinics, Inc. d/b/a Terry Reilly Health Services d/b/a Terry Reilly – Nampa 1st Street Clinic, Lisa Lawrence, N.P., and John/Jane Does I through X, whose true identities are presently unknown,<br><br>     Defendants | **Case No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the above-named Plaintiff, Ace Chavez, by and through his attorney of record, Jason R.N. Monteleone of Johnson and Monteleone, L.L.P., and, for his claims and causes of action against the above-named Defendants, states and alleges as follows:

### PARTIES

    1.    At all times relevant herein, Plaintiff was and now is a married individual residing in Ontario, Oregon.

    2.    Defendant United States of America is the real party in interest for

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

Community Health Clinics, Inc. d/b/a Terry Reilly Health Services d/b/a Terry Reilly – Nampa 1st Street Clinic, a community health organization under the provisions of the Public Health Services Act; Defendant Lisa Lawrence, N.P., is and was at the operative times an employee and/or contractor for Terry Reilly Health Services, Inc., pursuant to the provisions of the Federal Tort Claims Act and the regulations promulgated thereunder by the U.S. Department of Health and Human Services.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1346 and 1367(a).

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1402(b).

## GENERAL ALLEGATIONS

5.      On December 21, 2014, Ace Chavez, Claimant, was admitted to Saint Alphonsus Regional Medical Center ("SARMC") in Ontario, Oregon, for acute lithium toxicity, acute kidney injury secondary to lithium toxicity, and altered mentation and seizures secondary to lithium toxicity.  Prior to this hospital admission, Mr. Chavez had been being treated for his bipolar disorder at the Terry Reilly Health Services – Nampa 1st Street Clinic in Nampa, Idaho, by Lisa Lawrence, N.P. Ms. Lawrence prescribed lithium carbonate (300 mg caplets) to treat Mr. Chavez's bipolar disorder and/or other psychologic illnesses.  Ms. Lawrence failed to meet the appropriate, local standards of care and healthcare practice by failing to properly monitor, oversee, and manage Mr. Chavez's lithium levels through blood studies and/or other diagnostic means; she failed to recognize the lithium toxicity that was likely to result and which did occur on December 21, 2014. Further, despite a significant change in his weight, Ms. Lawrence did not alter the dosage of Mr. Chavez's lithium carbonate, as the local standards of care and healthcare practice required.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

6.      On December 22, 2014, Mr. Chavez was transferred to SARMC in Boise, Idaho, to be treated for lithium toxicity and various ailments which were related to it, including kidney and mentation problems.  Mr. Chavez was required to undergo an extended hospitalization and incurred significant, medical bills due to the negligence and medical malpractice of Ms. Lawrence and Terry Reilly Health Services – Nampa 1st Street Clinic in Nampa, Idaho, which is within the purview of the U.S. Department of Health & Human Services.

7.      Plaintiff has suffered damages as a result of Defendants' conduct in this matter.

8.      Plaintiff has suffered other economic and noneconomic losses as a result of Defendants' conduct in this matter.

9.      Plaintiff has been required to undergo extensive hospitalizations and receive other health care services as a result of Defendants' conduct in this matter.

10.      Plaintiff has been required to retain the services of Johnson & Monteleone, L.L.P., for the investigation, prosecution, and maintenance of the instant action, and Plaintiff requests that he be awarded his attorney fees and costs of suit.

11.      Plaintiff seeks all damages available under the Federal Tort Claims Act as well as all damages available under any related state causes of action.

12.      Plaintiff has suffered impairment and further disability as a result of Defendants' conduct in this matter.

13.      On or about December 15, 2016, Plaintiff filed a Notice of Tort Claim with the U.S. Department of Health and Human Services pursuant to the Federal Tort Claims Act and has not yet received a denial of his claim from the U.S. Department of Health and Human Services.

## COUNT ONE

### *Negligence against the United States of America for the Actions of Lisa Lawrence, N.P.*

14.     Plaintiff realleges and incorporates by reference all the allegations contained in Paragraphs 1 through 13, *supra*, as though fully set forth *in haec verba*.

15.     The medical treatment provided to Plaintiff by Lisa Lawrence, N.P., in failing to properly oversee and manage Plaintiff's lithium carbonate levels was negligent and fell below the applicable standard of care owed to the patient by Lisa Lawrence, N.P., at the times and places alleged hereinabove.

16.     The negligence of Lisa Lawrence, N.P., was the direct and proximate cause of Plaintiffs' injuries.

17.     At the time of her negligent conduct, Lisa Lawrence, N.P. was acting within the course and scope of her employment and/or contract with Terry Reilly Health Services and within the course and scope of the project and mission of Terry Reilly Health Services.

18.     As a direct and proximate result of the negligence of the United States of America, through the negligent conduct of Lisa Lawrence, N.P., and Terry Reilly Health Services as alleged above, Plaintiff has sustained both economic and non-economic losses, which include, but are not limited to, damages in the form of:

(a)     Plaintiff's past medical expenses incurred as a result of Lisa Lawrence, N.P.'s negligence.

(b)     The Plaintiff's future medical expenses and economic losses.

(c)     The Plaintiff's pain and suffering resulting from the permanent injuries suffered by Plaintiff.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

(d)      The precise amount of damage will be proven at the time and place of trial in this action, but in any event exceed $100,000.00.

## COUNT TWO

### *Negligent Infliction of Emotional Distress*

19.     Plaintiff realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 18, *supra*, as though fully set forth *in haec verba*.

20.     The medical treatment provided to Plaintiff by the aforementioned Defendants was negligent and fell below the applicable standards of care owed to the patient by each and every Defendant at the times and places alleged hereinabove.

21.     As a direct and proximate result of Defendant's reckless and/or negligent conduct, as alleged hereinabove, Plaintiff has incurred severe mental suffering manifested by physical symptoms including, but not limited to, insomnia, loss of appetite and severe headaches.

22.     As such, Plaintiff is entitled to recover monetary damages from Defendant representing fair and reasonable compensation for the emotional distress suffered by Plaintiff as a result of the wrongful conduct alleged hereinabove in an amount in excess of $100,000.00 to be proven at trial.

WHEREFORE, Plaintiff prays for Judgment of this Court as follows:

1.     For money damages for Plaintiff from Defendant under the theories of negligence and negligent infliction of emotional distress in a sum to be determined at trial in excess of $100,000.00, and representing Plaintiffs' economic and noneconomic damages for past and future medical expenses, supplies, nursing and physician care, pain and suffering, emotional distress, loss of enjoyment of life, and temporary and permanent disability;

**COMPLAINT AND DEMAND FOR JURY TRIAL - 5**

2.      For costs of suit incurred herein; and

3.      For such other and further relief as to this Court seems just and equitable.

## DEMAND FOR JURY TRIAL

If available to Plaintiff in this action, Plaintiff demands a trial by jury of no less than six (6) persons on all issues so triable pursuant to F.R.C.P. 38(b).

DATED:  This 18th day of June, 2021.

JOHNSON & MONTELEONE, L.L.P.

*/s/ Jason R.N. Monteleone*
Jason R.N. Monteleone
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL - 6